Pearson, J.
 

 There is no doubt that turpentine trees are the subject of lease; and it is equally clear the lessee may maintain trespass
 
 quare clausum fregit,
 
 if the trees are injured.
 

 The distinction, between a “lessee” and a “cropper” is fixed by a series of cases. The latter acquires no estate—-has
 
 *63
 
 merely a right of action
 
 on the
 
 contract, and for that reason, cannot maintain either trespass or ejectment. See
 
 Rooks
 
 v. Moore, Busb. 1.
 

 So, our question is one of construction merely, in regard to the legal effect of the deed set out in the record.
 

 The words “ Bryant has
 
 rented
 
 a certain piece of land, lying, &c., the present year unto Denton, for the purpose of getting turpentine,” might import a lease, and, indeed, such would seem to be the meaning, if they were not explained; but the words “ and agrees
 
 to give
 
 said Denton one-half of all the turpentine he may procure and save,” put the idea of a lease out of the question.
 

 It is of the essence of a lease, that the tenant should pay rent (from the word
 
 redditiis)
 
 to the landlord. Here no rent is to be paid by Denton, but Bryant is to give him one-half of the crop. This shows that the intention was to make an agreement, by which Denton was to syork the trees on the land described,
 
 during the year, or until the crop was sewed,
 
 and was to receive from Bryant, one-half of the crop, as a compensation for his services.
 

 Ve put no stress on the fact that the parties term it “an agreement” and not. a “lease:” nor is any importance to be attached to the fact that the instrument is called an “indenture ;” as no more formality is necessary to make a lease for a year, than to make an agreement as to the cultivation of the land.
 

 Our conclusion being, that the plaintiff was only a cultivator of the turpentine trees, that is, “a cropper,” it follows, the action cannot be maintained upon either count of the declaration.
 

 As there is so much difference between a lease, and a contract to work for a share of the crop, in the legal consequences and rights conferred, it is singular that the parties to contracts do not express their intention more clearly than is usually done in such instruments as that under consideration. A
 
 verwi'e ds novo
 
 must be awarded.
 

 Per Curiam.
 

 Judgment reversed.